UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHAD. L. WILLINGHAM,<br><br>               Petitioner,<br><br>vs.<br><br>JENNIE WILLINGHAM and AUBREE TAYLOR,<br><br>               Respondents. | Case No. 1:23-cv-0045-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Petitioner Chad L. Willingham brought under authority of the "All Writs Act," 28 U.S.C. § 1651, and other provisions of law, was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 1, 3. A "conditional filing" means that Petitioner must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Petitioner cannot proceed.

REVIEW OF COMPLAINT

1. **Standard of Law**

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Petitioner seeks habeas corpus relief under 28 U.S.C. § 1651, popularly known as the "All Writs Act." That section provides in part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The term "all writs" does not actually mean any and all writs a petitioner might desire, but only those writs that are within the federal court's jurisdiction to issue. A federal district court "lacks jurisdiction to issue a writ of mandamus to a state court." *Demos v. U.S. Dist. Court, E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (citing 28 U.S.C. § 1651). As "a general rule," we, as federal district courts, cannot use our "power to issue mandamus to a state judicial officer to control or interfere with state court litigation, thus exceeding our jurisdiction." *Accord, In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (internal citations omitted) (denying petition for writ of mandamus that asked federal court to order state court to give petitioner access to certain trial transcripts). "[T]to the extent that [Petitioner] attempts to obtain a writ in [federal] court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law." *Demos,* 925 F.2d at 1161-62.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

## 2. Factual Allegations and Discussion

After a jury trial, Petitioner was convicted of lewd conduct in the Bannock County District Court. He alleges that, because his wife was having an affair and wanted a divorce, she falsified allegations that he had committed lewd conduct with their daughter. After sentencing, he pursue an appeal, which has been dismissed, with the Idaho Supreme Court denying his petition for review. The Court takes judicial notice of the Register of Actions in Petitioner's state court criminal matter. See Exhibit to this Order.

Petitioner asserts that, although his divorce decree grants him joint custody of his daughter, his wife has removed his daughter to a secret location, and it has been nearly two years since he had notice of daughter's address. Petitioner has not alleged that he filed an order to show cause or other motion in state court to attempt to resolve this issue. Family law matters, such as support and custody, are within the exclusive jurisdiction of the state courts. *See Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968).

Petitioner also asserts claims under the Crime Victim Rights Act, 18 U.S.C. § 3771, and other criminal statutes. Petitioner states that he would like to have his ex-wife and the other defendant prosecuted for removing Petitioner's daughter from her prior residence. However, federal criminal statutes found in Title 18 of the United States Code, do not provide a basis for a private cause of action, but, rather, must be prosecuted by the Attorney General. *See Pawelek v. Paramount Studios Corp.*, 571 F.Supp. 1082, 1083 (N.D.Ill.1983) (no private cause of action is inherent in federal criminal statutes defining civil rights violations). *Accord, Bryant v. Quintero*, 2001 WL 1018717, *2 (N.D.Cal.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

2001) (there is no private cause of action under Title 18, and no amendment can cure such a deficiency). Similarly, Petitioner is not classified as a "victim of a crime" because he has not reported any criminal actions now underway against his ex-wife and the other defendant related to removing his daughter from her prior residence without notice to Petitioner. For that reason, the statutes Petitioner has cited do not apply presently.

3. Conclusion

The law is clear that this Court has no jurisdiction under the All Writs Act, or any other provision of law cited by Petitioner, to usurp a state court's authority by interfering with either a domestic relations case or a state criminal case. In *United States v. Denedo*, 556 U.S. 904, (2009), the United States Supreme Court explained the narrow reach of the All Writs Act:

> As [*Clinton v*.] *Goldsmith*[, 526 U.S. 529, 129 S.Ct. 2213 (1999)], makes plain, the All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction. 526 U.S., at 534–535, 119 S.Ct. 1538. Statutes which address the power of a court to use certain writs or remedies or to decree certain forms of relief, for instance to award damages in some specified measure, in some circumstances might be construed also as a grant of jurisdiction to hear and determine the underlying cause of action. *Cf. Marbury v. Madison*, 1 Cranch 137, 2 L.Ed. 60 (1803). We have long held, however, that the All Writs Act should not be interpreted in this way. *Goldsmith*, *supra*, at 536, 119 S.Ct. 1538; *Plumer*, 27 F. Cas., at 574 (jurisdiction cannot be acquired "by means of the writ to be issued"). The authority to issue a writ under the All Writs Act is not a font of jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

*Id*. at 913–14.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Accordingly, the Court concludes that it is without the subject matter jurisdiction Petitioner seeks to invoke. Petitioner has failed to state a federal claim upon which relief can be granted, and the entire case will be dismissed. Because there is no possibility that amendment would result in a cognizable claim at this time, the Court will not grant leave to amend. However, the Court will dismiss this case without prejudice to Petitioner bringing a proper claim if his ex-wife and the other defendant are prosecuted for and convicted of the crimes Petitioner believes they have committed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's In Forma Pauperis Application (Dkt. 3) is GRANTED.

2. The Motion to Expedite (Dkt. 8) is GRANTED to the extent this Order has been issued.

3. The Complaint for Writ of Mandate (Dkt. 1) is DISMISSED without prejudice for failure to state a federal claim upon which relief can be granted.

DATED: April 11, 2023

B. Lynn Winmill
U.S. District Court Judge